IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:25-CV-202

BRANDON MCKINNEY,

    Plaintiff,

v.

TONY JOSEPH YATES,

    Defendant.

**PETITION FOR REMOVAL**

PLEASE TAKE NOTICE that Defendant Tony Joseph Yates, by and through undersigned counsel, hereby removes this action from the Superior Court of Yancey County, North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division.

## I. NATURE OF ACTION

1. Plaintiff Brandon McKinney (hereinafter "Plaintiff") is a resident of Yancey County, North Carolina. See Complaint ¶1.

2. Defendant Tony Joseph Yates is a resident of Louisville, Tennessee. See Complaint ¶2.

3. Plaintiff alleges Defendant's negligence in the operation of a motor vehicle caused Plaintiff personal injuries. See Complaint, generally.

## II. DEFENDANT'S PETITION FOR REMOVAL IS TIMELY

1. Plaintiff filed this civil action in the Superior Court of Yancey County on April 24, 2025, and purportedly served the Summons and Complaint on Defendant on or about June 20, 2025. Pursuant to 28 U.S.C. § 1446, this Petition for Removal is timely as it is filed within thirty (30) days of purported service of Plaintiff's Complaint.

2. In the Complaint, Plaintiff seeks recovery "in excess of $25,000" per Rule 8 of the North Carolina Rules of Civil Procedure. The Complaint did not set forth any indication that the amount in controversy exceeded $75,000. Consequently, the initial pleadings did not clearly establish whether the case was removable pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332(a). Compl. ¶¶ 13(b), 2.

3. Notwithstanding the damages alleged in Plaintiff's Complaint, Plaintiff, through counsel, sent a letter dated March 17, 2025, requesting damages of Defendant in the amount of $350,000.00 for Plaintiff and thus the amount in controversy exceeds $75,000.00. A true and correct redacted copy of the written request for $350,000 is attached hereto as **Exhibit A**. As of the date of this Petition for Removal, Plaintiff has not made any other demands of Defendants, and thus the original $350,000 demand is the current and most recent statement of the amount in controversy for this lawsuit.

4. Further, Plaintiff, in this demand letter alleges that his current recoverable medical expenses related to this injury amount to $83,177.07. Plaintiff attached to this demand letter medical bills evidencing his claim of $83,177.07 in medical expenses Plaintiff says were caused by the accident. True and correct (but redacted) copies of the medical billing documents received by Defendant from Plaintiff are attached hereto as **Exhibit B**. In addition to the amount demanded in Plaintiff's demand letter, these medical bills sufficiently demonstrate that the amount in controversy is higher than the jurisdictional threshold for diversity purposes. The court may determine the amount in controversy by considering all evidence bearing on the issue including the type and extent of the Plaintiff's injuries. *See Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864 (S.D.W. Va. 2005).

5. "If the case stated is not removable solely because the amount in controversy does not exceed the amount specified in Section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). The "other paper" requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner from which it may be ascertained that a case meets the

3

Case 1:25-cv-00202-MR-WCM    Document 1    Filed 07/01/25    Page 3 of 7

amount-in-controversy threshold. *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996).

6. Written settlement demands that reach or exceed the jurisdictional threshold qualify as an "other paper" to establish diversity jurisdiction. *Archer v. Kelly*, 271 F. Supp. 2d 1320 (N.D. Okla. 2003); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

7. Accordingly, the amount in controversy exceeds the threshold amount set forth in 28 U.S.C. § 1332, and grounds for removal are proper pursuant to 28 U.S.C. § 1446.

### III. FEDERAL JURISDICTION EXISTS

8. As stated in 28 U.S.C. § 1332(a)(2), "[t]he District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and is between…citizens of a state and citizens or subjects of a foreign state."

9. As stated in 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. The instant civil action is now between Plaintiff, Brandon McKinney, citizen and resident of the State of North Carolina, and Defendant, Tony Joseph Yates, who is a citizen and resident of the State of Tennessee.

11. The amount in controversy exceeds $75,000.00.

## IV. REMOVAL TO THIS DISTRICT IS PROPER

12. Removal of this civil action to the United States District Court for the Western District of North Carolina is proper because Plaintiff filed this action in Yancey County Superior Court, and the Yancey County Superior Court lies within this federal district and division. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446(a) and 28 U.S.C. § 1391(b).

## V. CONSENT AND REMOVAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon all the parties in this matter are attached hereto as **Exhibit C**.

14. The Notice of Removal will be promptly served on counsel for Plaintiff, and a notice of this filing will be promptly filed with the Clerk of Superior Court of Yancey County, North Carolina, pursuant to 28 U.S.C. § 1446(d).

## VI. RESERVATION OF RIGHTS

15. Defendant hereby reserves any and all rights to assert any defenses to Plaintiff's Complaint.

16. Defendant hereby reserves the right to amend or supplement this Petition for Removal.

WHEREFORE, Defendant Tony Joseph Yates, by and through undersigned counsel, hereby gives notice that the above-titled matter has been timely removed to this court.

This the 1st day of July, 2025.

MCANGUS GOUDELOCK & COURIE, PLLC

/s/ SYDNEY W. DAGHER
Sydney W. Dagher
Bar No: 61156
John E. Spainhour
Bar No: 28089
McAngus Goudelock & Courie, PLLC
10 Brook Street, Suite 200
Asheville, North Carolina 28803
**Mailing Address**: Post Office Box 30307
Charlotte, NC 28230
Phone: (828) 575-1900
Email: jspainhour@mgclaw.com
Email: Sydney.dagher@mgclaw.com
ATTORNEYS FOR TONY JOSEPH YATES

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail to the following:

>Email: lakota@lakotardenton.com
>Lakota R. Denton
>Lakota R. Denton, P.A.
>36 Orchard Street
>Asheville, North Carolina 28801
>ATTORNEY FOR BRANDON MCKINNEY

This the 1st day of July, 2025.

>*/s/* SYDNEY W. DAGHER
>Sydney W. Dagher

7
Case 1:25-cv-00202-MR-WCM    Document 1    Filed 07/01/25    Page 7 of 7